**[J-17-2017] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 81 MAP 2016 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court dated June 12, 2015 at No. 2191 |
| | : | MDA 2014, reargument denied August |
| v. | : | 13, 2015, Vacating the Judgment of |
| | : | Sentence of July 21, 2014 of the Court |
| | : | of Common Pleas of Lackawanna |
| KENNETH MACONEGHY, JR., | : | County, Criminal Division, at No. CP-35- |
| | : | CR-0001450-2012 and Remanding. |
| Appellee | : | |
| | : | ARGUED:  March 8, 2017 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                     **DECIDED:  October 18, 2017**

I join Justice Todd's dissenting opinion and share her concerns that the Majority's holding in this case will improperly limit expert testimony that would assist juries in their fact-finding role.  It is a fundamental practice in patient care for a physician to obtain a patient history which includes a patient's presenting complaints and symptoms of illness or injury for use in the diagnosis and treatment of a patient.  Hence, a patient history is an integral foundation on which a physician's medical opinion is based.  The majority's holding that a treating physician in a child sexual assault case may not offer a medical opinion as to whether a sexual assault occurred absent physical evidence improperly infringes upon the treating physician's ability to articulate the basis for his or her medical opinion.

I note that the contested testimony in this appeal was provided by the Commonwealth's expert witness, Dr. Novinger, during cross examination by defense

counsel. I further note that defense counsel did not contemporaneously object to the testimony, but opted to raise an objection the following day, well after Dr. Novinger had left the Courtroom. A timely objection to Dr. Novinger's testimony would have provided the trial court with an opportunity to rule on its admissibility, and if necessary issue a curative instruction at the time it occurred. Although this issue is not addressed by the Majority, because it is inextricably connected to the issue presently before us, I find it necessary to address it.

The Superior Court determined Appellee had properly preserved his objection in the following footnote.

> Although [Appellee]'s counsel did not contemporaneously object to Dr. Novinger's testimony at the earliest possible opportunity, we conclude that [Appellee] has not waived appellate review of this claim. "The purpose of contemporaneous objection requirements respecting trial-related issues is to allow the court to take corrective measures and, thereby, to conserve limited judicial resources." *Commonwealth v. Sanchez*, 36 A.3d 24, 42 (Pa. 2011). Here, although the objection to Dr. Novinger's testimony was lodged the day after Dr. Novinger testified, the trial court still had the opportunity to correct a possible error. Accordingly, we find this claim appropriately preserved for appellate review. *See also Commonwealth v. Johnson*, 456 A.2d 988, 994 (Pa. Super. 1983) (explaining that "although in the vast majority of cases a 'timely objection' means a 'contemporaneous objection' . . . contemporaneity of objection is not insisted upon as a value in itself, rather it is required as the most convenient method of preventing a party from permitting error to insinuate itself into the record and complaining thereafter"; thus it is improper for counsel, deliberately, as a strategic decision, to refrain from objecting, but where there was "no attempt to 'insinuate error into the record and complain thereafter', and counsel strenuously attempted to excise the error, to find such an objection untimely, would indeed be to 'insist upon contemporaneity as a value in itself'"); Pa.R.Crim.P. 720(B)(1)(c) ("Issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues.").

*Commonwealth v. Maconeghy*, 2191 MDA 2014, *slip op.*, 2015 WL 7078462 at \*6 (Pa. Super. June 12, 2015).

In *Sanchez*, the appellant failed to object to the introduction of discrepancy evidence which he challenged for the first time on appeal. As noted by the Superior Court, this Court held, "[t]he purpose of contemporaneous objection requirements respecting trial-related issues is to allow the court to take corrective measures and, thereby, to conserve limited judicial resources." *Sanchez* 36 A.3d at 42. However, this Court went on to hold "Appellant failed to raise any objection here and, instead, raised the issue for the first time via his Rule 1925(b) statement of matters complained of on appeal, in the guise of a sufficiency argument." *Id.* Therefore, *Sanchez* is inapplicable to the circumstances in this matter, where defense counsel failed to raise a contemporaneous objection but rather only lodged an objection the following day.

In *Johnson*, the defense counsel failed to timely object to the admission of an officer's testimony regarding undisclosed evidence. The following morning the defense moved for a mistrial. The trial court paused proceedings and conducted a suppression hearing. The Superior Court in *Johnson* ultimately determined the objection was timely and specific because it was made when defense counsel had become aware of the evidence previously unknown to them, and the trial court had taken swift action to remedy the situation by holding a suppression hearing.[1] The court went on to note that "a new trial is additionally, and particularly, required in view of the Commonwealth's failure to disclose the statement, in violation of Pa.R.Crim.P. 305 B(1)(b)." *Johnson*, 456 A.2d at 993.

---

[1] Notably, the dissent disagreed in this circumstance and would have found the issue waived for failure to lodge the objection contemporaneous to the admission of the previously undisclosed evidence. *Johnson*, 456 A.2d at 993 (Brosky, J., dissenting).

In the instant matter, the trial court expressed its hesitancy to sustain defense counsel's objection the following day because no one could recall the exact language of the testimony and because it would place undue emphasis on Dr. Novinger's testimony. Specifically, the following exchange occurred.

Defense Counsel: . . . One last thing for the record, as a trial attorney, we certainly hope we always act quickly on our feet; however, yesterday there was at the conclusion of Doctor . . . Novinger's testimony, there was a question asked of him and I can't remember the exact phrase but the question was that isn't it true that based on the physical examination, you are unable to render an opinion to a degree of medical certainty as to whether this alleged victim had been abuse[d]? Dr. Novinger went on to state an opinion that he believed the victim was abused but that that was based on the history provided by the alleged victim. I certainly should have made an immediate motion to strike that testimony because I think it's inappropriate opinion testimony that's not based on medical evidence or his medical expertise. I think that the jury hearing that could be certainly prejudicial to my client, and although it's somewhat late at this point, I would make a motion to strike that testimony as it relates to his opinion as it was not based on medical testimony and to instruct the jury to disregard that opinion testimony.

The Court: My recollection of that question and answer, and I don't think it was isolated to one question and one answer, was that the opinions that he expressed were based on many things, not just the physical exam, but also the history that was taken, the consultation of the other

reports and all of the other information. And that if he were asked to say could he express an opinion as to whether or not there was abuse strictly by physical findings, his answer was he could not; however, when he looked at the whole picture as to all of the information to be considered, it was his opinion that abuse had taken place.

So your objection is noted. You had the opportunity to cross-examine at the point in time. I did specifically ask whether or not you had any objection to the doctor being excused at that point in time and you indicated that you did not. But I think it would cause undo emphasis on a single portion of the doctor's testimony for me to now refer to it and then order it stricken or modified in any way so your objection is noted but overruled.

N.T., 1/22/14, at 21-23.

Unlike *Johnson*, defense counsel was not blindsided by undisclosed information, should have been prepared for Dr. Novinger's testimony, and conceded his objection was untimely. Additionally, contrary to the trial court's actions in *Johnson*, the trial court took no remedial action and the trial continued. In my view, in light of long standing precedent in this Commonwealth, Appellee's issue was waived for failure to offer a timely objection. *Commonwealth v. Baumhammers*, 960 A.2d 59, 73 (Pa. 2008) (holding "it is axiomatic that issues are preserved when objections are made timely to the error or offense[]"); *Commonwealth v. Carpenter*, 515 A.2d 531, 535 (Pa. 1986) (holding a failure to object to a witnesses testimony while the witness was on the stand justified overruling a motion for a mistrial made several witnesses later).

Despite defense counsel's failure to timely object during his own questioning of the witness, Appellee is now rewarded with a new trial.

Accordingly, I dissent.